IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
10/23/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| **CONTINENTAL WESTERN INSURANCE COMPANY**<br>11201 Douglas Avenue<br>Urbandale, IA 50322<br><br>**Plaintiff**<br><br>v.<br><br>**PATRIOT FIRE AND SECURITY, LLC**<br>620 Pennsylvania Avenue<br>Winchester, VA 22601<br><br>and<br><br>**CORNET, INC., d/b/a CORNET FIRE PROTECTION**<br>230A Airport Road<br>Winchester, VA 22602<br><br>**Defendants** | CIVIL ACTION<br><br>NO.  5:25cv00116<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Continental Western Insurance Company, by and through its undersigned counsel, brings this Complaint against defendants Patriot Fire and Security, LLC and Cornet, Inc., d/b/a Cornet Fire Protection and alleges as follows:

## PARTIES

1. Plaintiff, Continental Western Insurance Company ("Plaintiff"), is a corporation organized and existing under the laws of the State of Iowa, whose principal place of business is located at 11201 Douglas Avenue, Urbandale, IA 50322.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of (*inter alia*) property insurance in the Commonwealth of Virginia.

3. At all times relevant hereto, Plaintiff provided property insurance via a policy issued to Aikens Corporation ("Aikens") in connection with its property located at 65 Priority Drive, Martinsburg, WV 22604 (the "subject property"). Said policy of insurance was in full force and effect at all times relevant hereto.

4. As a result of claims made on said policy by Aikens, Plaintiff became subrogated to certain rights and interests of Aikens for monies paid thereunder, including the claims giving rise to this action.

5. Defendant Patriot Fire and Security, LLC ("Patriot") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia. Upon information and belief, its members are Michelle Dowdy, Theda Clark, and Llewellyn Dowdy, Sr., who are all adult individuals and citizens of Virginia.

6. At all times relevant hereto, Patriot was engaged in the business of providing fire protection services, including the design, installation, inspection, and testing of fire protection systems.

7. Defendant Cornet, Inc., d/b/a Cornet Fire Protection ("Cornet" and, collectively with Patriot, "Defendants") is corporation organized and existing under the laws of the Commonwealth of Virginia, whose principal place of business is located at 230A Airport Road, Winchester, VA 22602.

8. At all times relevant hereto, Cornet was engaged in the business of providing fire protection products and services, including the inspection and testing of fire protection systems.

## JURISDICTION AND VENUE

9. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) because this action involves a controversy between citizens of different states and because the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).

10. Venue is proper in this district based on 28 U.S.C. § 1391(b)(1) in that the defendants reside in this district.

## STATEMENT OF FACTS

11. Prior to January 21, 2025, Patriot designed and installed a dry fire protection sprinkler system (the "subject dry sprinkler system") at the subject property.

12. When Patriot designed and installed the subject dry sprinkler system, Patriot failed to provide signage for the number and location of all low-point drains at the subject property.

13. At the time of Patriot's design and installation, there were two low-point drains in the banquet hall of the subject property. However, Patriot failed to provide signage for them.

14. Prior to January 21, 2025, Subrogor engaged Patriot to test and inspect the subject dry sprinkler system.

15. In doing so, Patriot failed to ensure that the subject dry sprinkler system was entirely and completely drained via all the low-point drains following the testing and inspection of the subject dry sprinkler system.

16. Patriot also failed to provide signage for the number and location of the two low-point drains in the banquet hall of the subject property at the time it tested and inspected the subject dry sprinkler system.

17. Prior to January 21, 2025, Subrogor engaged Cornet to test and inspect the subject dry fire protection system.

18. In doing so, Cornet failed to ensure that the subject dry sprinkler system was entirely and completely drained via all the low-point drains following the testing and inspection of the subject dry sprinkler system.

19. Defendants failed to advise Aikens regarding the location of the low-point drains in its fire protection system.

20. As a result of Defendants' failure to properly drain the subject dry sprinkler system, the water in the undrained dry fire protection system piping that feeds into the conference room of the subject property froze on or before January 21, 2025, during a period of cold weather.

21. As a result, on or about January 21, 2025, the broken pipes released catastrophic amounts of water onto the premises, causing damage to the subject property.

22. As a direct and proximate result of the acts and/or omissions of Defendants (as are described more fully below), Aikens sustained damage to its property, as well as additional expenses, in an amount in excess of $150,000.00; by operation of payments made pursuant to the terms and conditions of the aforementioned insurance policy, Plaintiff became subrogated to the claims asserted in this action.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. PATRIOT**

23. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though set forth at length herein.

24. Patriot owed Aikens a duty of care to, *inter alia*, properly design, install, test, and inspect the subject dry sprinkler system pipes at the subject property.

25. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Patriot, including negligent acts and/or omissions of Patriot as performed by and through its agents, workmen, employees,

servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

    (a)    failing to exercise reasonable care in the performance and supervision of duties in the design, installation, testing, and inspection of the subject dry sprinkler system, including, but not limited to, carelessly and negligently performing the following:

        (1)    failing to competently perform the design, installation, testing, and inspection of the subject dry sprinkler system at the subject property in a safe and appropriate manner;

        (2)    failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the design, installation, testing, and inspection of the subject dry sprinkler system at the subject property;

        (3)    failing to adequately provide signage or postings for the number and location of all low-point drains for the subject dry sprinkler system at the subject property;

        (4)    failing, in the absence of signage, to survey the system and location of all low-point drains to ensure proper drainage;

        (5)    failing to advise Aikens of any owner's responsibility for follow-up observation of said low-point drains;

        (6)    failing to properly monitor the work of all agents, subcontractors, and/or employees during the design, installation, testing, and inspection of the subject dry sprinkler system to ensure compliance with applicable safety procedures;

    (b)    failing to adequately instruct, supervise and/or train servants, employees, subcontractors, and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c)    failing to adequately warn Aikens and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

    (d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a), above;

  (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

  (f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a), above; and/or

  (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

26. As a direct and proximate result of such conduct, Aikens sustained damage to its real and personal property in an amount in excess of $150,000.00. As set forth above, Plaintiff is subrogated to Aikens' right of recovery in connection with this claim.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $150,000.00, plus interest and any further relief that this Court deems just and proper.

### COUNT II – BREACH OF WARRANTIES
### PLAINTIFF v. PATRIOT

27. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though set forth at length herein.

28. In furtherance of the aforementioned services performed, Patriot had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

29. Based upon the aforementioned improper conduct on the part of Patriot, by and through its servants, employees, and/or agents as set forth above, Patriot breached these warranties.

30. As a direct and proximate result of these breaches, Aikens suffered the aforementioned damages to its real and personal property, as well as additional expenses. As set forth above, Plaintiff is subrogated to Aikens' right of recovery in connection with this claim.

31. Aikens and Plaintiff have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $150,000.00, plus interest and any further relief that this Court deems just and proper.

### COUNT III – NEGLIGENCE
### PLAINTIFF v. CORNET

32. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though set forth at length herein.

33. Cornet owed Aikens a duty of care to, *inter alia*, properly test and inspect the subject dry sprinkler system pipes at the subject property.

34. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Cornet, including negligent acts and/or omissions of Cornet as performed by and through its agents, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

   (a) failing to exercise reasonable care in the performance of duties in the testing and inspection of the subject dry sprinkler system, including, but not limited to, carelessly and negligently performing the following:

   (1) failing to competently perform the testing and inspection of the subject dry sprinkler system at the subject property in a safe and appropriate manner;

   (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation, testing, and inspection of the subject dry sprinkler system at the subject property;

   (3) failing, in the absence of signage, to survey the system and location of all low-point drains to ensure proper drainage;

  (4) failing to advise Aikens of any owner's responsibility for follow-up observation of said low-point drains;

  (5) failing to properly monitor the work of all agents, subcontractors, and/or employees during the testing, and inspection of the subject dry sprinkler system to ensure compliance with applicable safety procedures;

(b) failing to adequately instruct, supervise and/or train servants, employees, subcontractors, and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn Aikens and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a), above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a), above; and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

35. As a direct and proximate result of such conduct, Aikens sustained damage to its real and personal property in an amount in excess of $150,000.00. As set forth above, Plaintiff is subrogated to Aikens' right of recovery in connection with this claim.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $150,000.00, plus interest and any further relief that this Court deems just and proper.

## COUNT IV – BREACH OF WARRANTIES
## PLAINTIFF v. CORNET

36. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though set forth at length herein.

37. In furtherance of the aforementioned services performed, Cornet had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

38. Based upon the aforementioned improper conduct on the part of Cornet, by and through its servants, employees, and/or agents as set forth above, Cornet breached these warranties.

39. As a direct and proximate result of these breaches, Aikens suffered the aforementioned damages to its real and personal property, as well as additional expenses. As set forth above, Plaintiff is subrogated to Aikens' right of recovery in connection with this claim.

40. Aikens and Plaintiff have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $150,000.00, plus interest and any further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                                **CONTINENTAL WESTERN INSURANCE COMPANY**
                                                By Counsel

**SUROVELL ISAACS & LEVY, PLC**

By: **/s/ Jason F. Zellman**
     Jason F. Zellman (VSB #77499)
     4010 University Drive, Second Floor
     Fairfax, VA 22030
     Telephone: (703) 277-9704
     Facsimile: (703) 591-2149
     Email: JZellman@SurovellFirm.com
     *Counsel for Western Continental Insurance Company*